United States District Court
Middle District of Florida
Tampa Division

**TYRONE FOSTER,**

    *Plaintiff,*

v.                                                                                                                                                                NO. 8:23-cv-1396-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

## Order

      Tyrone Foster challenges a final decision by the Commissioner of Social Security denying his applications for disability insurance benefits (DIB or SSD) and supplemental security income (SSI). Doc. 1. The Commissioner has filed an 811-page transcript, Docs. 11, 11-1–11-7; Foster has filed a brief, Docs. 13, 13-1–13-3; the Commissioner has filed a response brief, Doc. 16; Foster has filed a reply brief, Doc. 17; and the parties presented oral argument, Doc. 21. The procedural history and standard of review are in the parties' briefs, Doc. 13 at 2–4; Doc. 16 at 2–4, and not repeated here.

      Foster argues the ALJ erred by failing to address his amended alleged disability onset date. Doc. 13 at 4–9; Doc. 17 at 1–4. The Commissioner disagrees. Doc. 16 at 4–7.

      Foster filed previous applications on November 6, 2017, alleging September 18, 2017, as the alleged onset date. Tr. 69, 308. The agency denied the applications on April 9, 2018. Tr. 69. Foster filed the current applications

approximately two years later, on May 20, 2020, alleging May 1, 2020, as the alleged onset date. Tr. 284–302.

In a pre-hearing memorandum to the ALJ, Foster acknowledged the alleged onset date for the current applications is May 1, 2020, but "request[ed] that the prior claim be reopened as he has new and material evidence and he is within the four year time period to reopen it." Tr. 409. He ended the memorandum, "[Foster] is … disabled from the onset of his November 6, 2017 application." Tr. 417. At the hearing, Foster's counsel stated, "I would … request at this time to reopen the prior SSD claim. The SSI claim is outside the two-year limit, but the SSD is within the four years." Tr. 47.

The ALJ never revisited the re-opening request. In the decision, the ALJ stated, "On May 20, 2020, [Foster] protectively filed a Title II application for a period of disability and [DIB]. [Foster] also protectively filed a Title XVI application for [SSI] on May 20, 2020. In both applications, [Foster] alleged disability beginning May 1, 2020." Tr. 21. The ALJ described "May 1, 2020, [as] the alleged onset date." Tr. 24. The ALJ found that Foster's date last insured is June 30, 2022. Tr. 24. Considering the period beginning May 1, 2020, Tr. 21–36, the ALJ ruled, "[Foster] has not been under a disability, as defined in the Social Security Act, from May 1, 2020, through the date of this decision[.]" Tr. 22, 35.

The ALJ described Foster's testimony:

[Foster] testified that his [inflammatory bowel disease] or Crohn's disease results in full-body spasms and extreme nausea each time he eats, and that he must use the bathroom immediately. He also described this spasming as a full-body Charlie Horse or muscle cramping. He also testified that he was involved in three motor vehicle accidents and suffers daily back pain. In addition, he testified that he is unable to lift

2

> his left shoulder, can lift no more than 10 pounds, cannot grip anything, and can stand for no more than 30 minutes at a time. Furthermore, he testified that he uses a cane, but someone stole it.

Tr. 29. The ALJ found that Foster's medically determinable impairments could reasonably be expected to cause the alleged symptoms but his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" Tr. 29. The ALJ reasoned in part:

> The record confirms a longstanding history of IBD that has been variably diagnosed as sigmoid diverticulitis, Crohn's disease, and IBD (Exhibits 3F, 8F). In addition, emergency room records from well before the period at issue show a hospitalization secondary to abdominal pain in September 2017. A computerized tomography (CT) scan confirmed perforated sigmoid diverticulitis and abscesses, which were surgically drained. [Foster] was then treated with medication and "significantly improved" before being discharged after five days (Exhibit 8F).
>
> [Foster] returned to the hospital the following month for renewed abdominal pain, but admitted that he had not been taking his medications. A CT scan at this time showed "internal improvement" of the abscesses and diverticulitis. It was also noted that [Foster] had failed to follow up with outpatient care (Exhibit 8F).
>
> While these emergency room episodes help establish [Foster]'s medical history of abdominal issue, they also show that those issues and symptoms were present well before the alleged onset date. In that regard, [Foster] sought treatment prior to the alleged onset date for the same medical conditions that allegedly prevent him from working. **As [Foster] did not allege an onset of disability until May 1, 2020, he inherently acknowledged the ability to work prior to that time. His pursuit of treatment prior to the alleged onset date for symptoms and limitations similar to those alleged as medically disabling casts some doubt as to whether those symptoms truly prevent him from working**.

Tr. 29–30 (emphasis added).

3

An ALJ must state the grounds for his decision with enough clarity to enable a court to conduct a meaningful review. *Owens v. Heckler*, 748 F.2d 1511, 1514–15 (11th Cir. 1984). Moreover, an ALJ must clearly articulate explicit and adequate reasons for rejecting a claimant's testimony about symptoms. *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995); *see also* 20 C.F.R. § 404.1529(c)(3) ("How we evaluate symptoms, including pain."); 20 C.F.R. § 416.929(c)(3) (same).

In this case, the ALJ failed to clearly articulate adequate reasons for rejecting Foster's testimony about his symptoms by failing to address his amended position that he has been disabled since September 18, 2017, Tr. 417, 308, and by using only his pre-amended position that he has been disabled since May 1, 2020, to reject his testimony about his symptoms. Remand is warranted.

The Commissioner argues the Court has no jurisdiction to review the ALJ's denial of Foster's request to re-open his previous DIB application. Doc. 16 at 4–7. This argument reads Foster's brief too narrowly. As Foster replies, "The question of whether the ALJ reopened that application and whether the court has subject matter jurisdiction over that question is not dispositive to the issue raised by" him. Doc. 17 at 2. The Court does not consider the ALJ's denial or—as it appears—complete failure to consider the re-opening request.

Foster raises other arguments: the ALJ erred by failing to include in the residual functional capacity (RFC) mental limitations and failing to consider a doctor's report properly, Doc. 13 at 9–16; the ALJ erred by including in the RFC that he could frequently reach with the upper left extremity and could lift up to twenty pounds, *id.* at 16–18; the ALJ's finding that he can perform jobs existing in substantial numbers in the national economy is not supported by

4

substantial evidence, *id.* at 18–23; and the ALJ erred in finding he can perform jobs with a Specific Vocational Preparation rating of two, *id.* at 23–24. Because remand is warranted regardless of the outcome of these arguments and because the re-evaluation of Foster's testimony about his symptoms might affect the ALJ's findings underlying these arguments, the Court declines to address these arguments.

The decision is **reversed** and the case is **remanded** to the Commissioner for the ALJ to address Foster's amended position that he has been disabled since September 18, 2017, Tr. 417, 308, to re-evaluate Foster's testimony about his symptoms, and to take any other necessary action. The clerk must enter judgment for Tyrone Foster and against the Commissioner and close the file.

**Entered** in Jacksonville, Florida, on September 25, 2024.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

5