United States District Court
Middle District of Florida
Tampa Division

**TYRONE FOSTER,**

    *Plaintiff,*

v.                                                          No. 8:23-cv-1396-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

---

# Order

The Court reversed the decision of the Commissioner of Social Security denying Tyrone Foster's applications for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 22, 23. Foster now requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an award of $8,826.45 as an attorney's fee. Doc. 25 (original motion), Doc. 27 (amended motion). The Commissioner has no opposition. Doc. 27 at 4.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and if the requested attorney's fee is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) he timely requested a fee, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstances would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

The first three conditions are satisfied here. *See* Docs. 22, 25, 27. As to the fourth condition, Foster contends the Commissioner's position was not

substantially justified, Doc. 27 at 2, and the Commissioner has not tried to satisfy his burden of showing otherwise. As to the fifth condition, no equitable consideration is apparent or presented that would make an EAJA award unjust.

For the attorney's fee, the applicant must show the requested rates and claimed hours are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *accord Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). A fee award under the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished," but it must not exceed $125 an hour "unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"The EAJA … establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

Here, the fee request is based on 33 hours of work in 2023 and 3 hours of work in 2024 by Foster's lawyers, Carol Avard and Mark Zakhvatayev. *See* Doc. 27-1 at 18–20. For work completed in 2023, Foster requests an hourly rate of $244.62. Doc. 27 at 3. For work completed in 2024, Foster requests an hourly

rate of $251.33. Doc. 27 at 3. The hours multiplied by the rates equals $8,826.45. Doc. 27-1 at 18–20.

The requested rates are reasonable. Based on the Court's own knowledge and the information provided about the lawyers, *see* Doc. 27-1 at 1–9; Doc. 27-4, the rates are within the prevailing market rates for services provided by lawyers of reasonably comparable skills, experience, and reputation as Avard and Zakhvatayev. The increased cost of living from March 1996 to the time the lawyers worked on the case justifies an upward adjustment from $125. *See* U.S. DOL, Bureau of Labor Stats., https://data.bls.gov/timeseries/CUUR0000SA0 (last visited March 4, 2025).

The Court allowed Foster to file an amended motion to attempt to satisfy his burden of showing that the time spent by both Avard and Zakhvatayev reflects the distinct contribution of each lawyer to the case and is customary practice. Doc. 26. The Court explained:

> "Redundant hours generally occur where more than one attorney represents a client." [*Norman*, 836 F.2d at 1301–02]. "There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Id.* at 1302. "For that reason, reduction for redundant hours is warranted only if the attorneys are unreasonably doing the same work." *ACLU of Georgia v. Barnes*, 168 F.3d 423, 432 (11th Cir. 1999) (internal quotation marks and quoted authority omitted). "Thus, a fee applicant is entitled to recover for the hours of multiple attorneys if he satisfies his burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation." *Id.* (emphasis added)

Doc. 26 at 1–2.

Through the amended motion and itemized hours, Doc. 27, Doc. 27-1 at 18–20, Foster satisfies his burden of showing the hours by Zakhvatayev were reasonably expended. None of the work appears clerical, secretarial, unnecessary, or otherwise excludable. Foster, however, fails to satisfy his burden regarding the time spent by Avard. Foster fails to explain Avard's distinct contribution; why two lawyers, each with vast social security experience, worked on the case; why the original description of Avard's work ("Researching, taking notes and setting for the arguments in the brief") differs from the most recent description of her work ("Proof-reading the draft of Attorney Zakhvatayev's brief[,] Identifying additional issues[,] Reviewing the transcript and taking notes[, and] Research and Shepardizing"), *compare* Doc. 25-1 at 18 *with* Doc. 27-1 at 18; and that their way of staffing the case is the "customary practice."

The Court leaves to the Commissioner's discretion whether to accept Foster's assignment of the EAJA fee, *see* Doc. 27-2, after determining whether Foster owes a federal debt.

The Court **grants in part** the motion, Doc. 25, as amended, Doc. 27; **awards** Foster $7,236.42 as an attorney's fee; and **directs** the clerk to enter judgment in favor of Tyrone Foster and against the Commissioner of Social Security for $7,236.42 as an attorney's fee.

**Ordered** in Jacksonville, Florida, on March 5, 2025.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*